IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

RICKY POE and
WILLIAM R. HENDRIX                                                                    PLAINTIFFS

v.                                                                                              No. 3:06CV142-B-A

OXFORD PRINTWEAR,
JAMES R. FERGUSON,
GEORGE LYNCH, III, and
JEWELL LYNCH                                                                          DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* complaint of Ricky Poe and William R. Hendrix, who seek relief under the Americans with Disabilities Act, 42 U.S.C.A. §§ 12101 *et seq.* The plaintiffs allege that the defendants have operated a retail business known as Oxford Printwear at 1722 University Avenue in Oxford, Mississippi – and that the business does not comply with the Americans with Disabilities Act ("ADA") because it has neither designated parking spaces for the disabled nor a wheelchair ramp. The plaintiffs seek an injunction to compel the defendants to take three actions, the first two specific, the last, vague: (1) designate appropriate parking spaces for the disabled – including space for van access with appropriate signs, (2) install an appropriate wheelchair ramp, and (3) "fully comply with the Americans with Disabilities Act ."

The defendants have moved for summary judgment, providing photographs proving that they have now designated two parking spaces for the disabled (including the requested area for van access) – and have installed a wheelchair ramp leading to a front entrance of Oxford Printwear. Thus, the defendants argue that they have complied with the two specific demands of

the plaintiffs.

The plaintiffs are, however, dissatisfied with the defendants' actions. The plaintiffs now argue that the newly-installed wheelchair ramp is insufficient under the ADA because it does not lead to the main entrance but, instead, to a second entrance some fifteen feet away. They also argue that a clothing rack blocks the entrance to which the wheelchair ramp leads – and that the second entrance is for use only by disabled patrons in contravention of the ADA's purpose of preventing discrimination (including segregation) against the disabled.

## Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the

entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## Summary Judgment Appropriate – Money Damages Not Available

The plaintiffs have argued that summary judgment is inappropriate at this stage of litigation because they are alleging that the defendants have a pattern or practice of discriminating against the disabled, citing *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 336 n. 16 (1977). The *Teamsters* decision is not, however, in point. *Teamsters* is an employment discrimination case, and so are its ADA progeny the plaintiffs cite in their response to the motion for summary judgment. Title I of the ADA covers employment discrimination against the disabled. Title II of the ADA covers discrimination against the

disabled regarding public (government) services. These parts of the ADA do *not* cover the facts of the instant case. As such, the plaintiffs cannot plead or establish a "pattern or practice" case, and summary judgment is appropriate at this stage.

Title III of the ADA covers discrimination against the disabled regarding public accommodations and services *operated by private entities*. 42 U.S.C.A. §§ 12181–12189. Title III applies to the instant case, and, under Title III, a private plaintiff cannot recover money damages in a suit against a private owner of a public accommodation (such as the private establishment Oxford Printwear in this case). Americans with Disabilities Act of 1990, § 308(a), 42 U.S.C.A. § 12188(a); Civil Rights Act of 1964, § 204, 42 U.S.C.A. § 2000a–3; 28 C.F.R. § 36.501. *Cole v. National Collegiate Athletic Ass'n*, 120 F. Supp. 2d 1060, 148 Ed. Law Rep. 935 (N.D. Ga. 2000). Thus, summary judgment is appropriate at this juncture of the case, and because this case is proceeding under Title III of the ADA, money damages are unavailable to the plaintiffs.

**Discussion**

In light of the photographs the defendants presented in their motion for summary judgment, the plaintiffs' arguments are suspect, at best. First, the court notes that Oxford Printwear is a small business establishment. Indeed, the photographs show that the store has but one room available to customers, and both front doors lead into that room. The ramped entrance is available to all patrons, whether disabled or not.

In their complaint, the plaintiffs identified two specific violations of the Americans with Disabilities Act: (1) lack of any designated parking for the disabled, and (2) lack of a wheelchair ramp leading to a front entrance. The plaintiffs demanded in letters, telephone calls, and finally

this suit that the defendants remedy the violations and bring their establishment into compliance with the ADA.  The recent photographs of Oxford Printwear prove that the defendants have complied in all respects with these demands.  Oxford Printwear, a single-room store, has two doors in the front.  The defendants designated two disabled parking spaces directly in front of one of the doors – and installed a wheelchair ramp in a straight line from the center of the disabled parking to one of the front doors.  Contrary to the plaintiffs' bare allegations in their response to the motion for summary judgment, these photographs do not show any clothing racks or other obstructions to the ramped entryway inside or outside the store.  Finally, the plaintiffs' general prayer that the court order the defendants to "fully comply the the Americans with Disabilities Act" is too vague a request to support an order granting relief because the plaintiffs have not alleged any additional violations of the ADA.  The defendants' actions comply in all respects with the plaintiffs' two specific demands.  As such, the court shall grant summary judgment to the defendants in this case.

### The Plaintiffs' Continued Prosecution of This Claim

The plaintiffs made two demands upon the defendants:   install appropriate disabled parking and install a proper wheelchair ramp to a front entrance of Oxford Printwear.  The defendants have met both demands.  In light of the plaintiffs' total victory, the court is puzzled at their relentless prosecution of this matter, especially considering that money damages are not available for this claim.  Certainly the tone and timbre of the plaintiffs pleadings have become more personal in nature as this case has progressed.  In Mr. Poe's November 16, 2006, affidavit, he describes a phone conversation during which defendant James Ferguson abruptly hung up, stating, "Mr. Poe still told [James Ferguson] to have a nice day, even though Mr. Ferguson's

mean-spiritedness telephone call of cruelty and his contempt for civil rights of individuals in wheelchairs make Saddam Hussein look like a humanitarian." Federal court is not the forum to air personal grievances and vent frustration. Obvious insults and barbs, such as the one quoted above, leave the impression that the plaintiffs are continuing this litigation in an effort to frustrate and harass the defendants – not merely to gain the relief the plaintiffs seek. That conclusion is buttressed by the fact that the plaintiffs have nothing more to gain from this litigation. Filing or prosecuting litigation solely to harass one's opponent can lead to sanctions, including monetary sanctions, against the party doing so.

The defendants have submitted to the demands of the plaintiffs. The plaintiffs have won. This case shall be closed. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 19th day of January, 2007.

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE